IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BENJAMIN D. HUDACH,

                 Plaintiff,               Case No. 3:04 CV 7192

    -vs-

                                       <u>MEMORANDUM OPINION</u>

CHRISTINE MONEY, Warden

                 Defendant.

KATZ, J.

This matter is before the Court on the federal Magistrate's Report and Recommendation (Doc. 20, hereinafter "R & R") and Petitioner Benjamin D. Hudach's objections to the R & R (Doc. 22). The R & R was filed in response to Respondent Christine Money's motion to dismiss the petition (Doc. 9). Because the statute of limitations expired before Hudach filed his petition and no equitable tolling exceptions to the statute apply, Hudach's petition for writ of habeas corpus is time barred, the R & R of the Magistrate Judge is hereby adopted.

**I. Standard of Review**

This Court has reviewed the findings of the Magistrate Judge *de novo*. *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir.1981); 28 U.S.C. § 636(b)(1)(B) & (C). For the following reasons, the Court finds Plaintiff's objections are not well taken and the same are denied.

**II. Background**

The Trumbull County Grand Jury originally indicted Hudach on five counts: (1) aggravated murder with prior calculation and design; (2) aggravated murder while committing or attempting to commit or while fleeing the commission of aggravated burglary; (3) attempted

aggravated murder, with a firearm specification; (4) conspiracy to commit aggravated murder; and (5) aggravated burglary, with a firearm specification. *State v. Hudach*, 2004 Ohio 6949 (Ohio Ct. App. 2004). Petitioner pleaded guilty to complicity to aggravated murder, complicity to attempted aggravated murder, and complicity to aggravated burglary for his role in the murder of Ann Serafino and the attempted murder of Charles Serafino. R & R at 2.

During Hudach's plea hearing, he admitted that he, along with his co-defendants, was hired by John Santine to murder Charles Serafino and any witness to Serafino's killing. *Id.* Hudach also admitted to preparing weapons for the scheme in the apartment he shared with a co-defendant, injuring his ankle and remaining outside the home during the actual killings, acting as a lookout for the two shooters while they were inside the Serafinos' house, and discarding his weapon while fleeing with the shooters back to his apartment, where he bathed and discarded his clothing. *Id.* After pleading guilty to the lesser offenses, the Petitioner was sentenced on September 5, 1996 to concurrent terms of 20 years to life for aggravated murder, 10 to 25 years for attempted aggravated murder, and 10 to 25 years for attempted aggravated burglary. R & R at 2-3.

Petitioner filed numerous appeals for post-conviction relief leading up to the instant petition for writ of habeas corpus dated April 13, 2004.

**III. Discussion**

  **A. AEDPA**

The amendments to 28 U.S.C. § 2254 under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern federal habeas review of a state court judgment. *Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003). Under 28 U.S.C. § 2254(d):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

"[C]learly established federal law, as determined by the Supreme Court of the United States" refers to the holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). A state court's decision is "contrary to" Supreme Court principles when the state court applies a rule that contradicts the holdings set forth in Supreme Court cases, or "'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent.'" *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citing *Williams*, 529 U.S. at 405-06). Additionally, "the 'unreasonable application' prong of section 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (citing *Williams*, 529 U.S. at 413). Further, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Id*. Finally, a state court's application of a U.S. Supreme

3

Court principle may be found "unreasonable" only if the state court's decision was "more than incorrect or erroneous." It must have been "objectively unreasonable." *Id*. at 520-21.

### B. Statute of Limitations

AEDPA further provides, in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The statutes further provide that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Hudach is serving concurrent sentences after pleading guilty to complicity to aggravated murder, complicity to attempted aggravated murder and complicity to aggravated robbery. The state of Ohio determined that the instant habeas petition is untimely by nearly two years under § 2244(d), a fact the Petitioner does not contest. Instead, Hudach seeks equitable tolling of the statute of limitations under the actual innocence and cause for delay exceptions. The actual innocence exception does not apply to Hudach because the evidence he presents (1) asserts a defense of duress, which is not applicable to aggravated murder; (2) cannot sustain a theory of

4

duress for any of the crimes to which he plead or the underlying indictments; (3) asserts an argument of legal innocence, not the requisite actual innocence, under the theory of duress; and (4) cannot sustain an independent theory of abandonment. Equitable tolling on the basis of cause for delay is also not applicable to Hudach because he cannot show he was diligent in pursuing his claim to federal habeas relief or that he was ignorant of the filing requirement under federal pleading standards; and no extraordinary circumstances existed which prevented him from filing the instant petition for habeas relief.

A one-year statute of limitations is imposed on state prisoners seeking a writ of habeas corpus. 28 U.S.C. § 2244(d). In the instant case, the Petitioner does not contest that his petition is untimely under the statute. R & R at 11. (The state of Ohio calculated Hudach's habeas petition as untimely by 658 days. *Id.*) Nor does the Petitioner argue that the statute of limitations period should start at a later date due to newly discovered exculpable evidence. R & R at 11, Doc. 16 at 5. Instead, the Petitioner contends that his habeas petition should be permitted under the actual innocence exception, or alternatively, the delay for cause exception, to the statute of limitations. R & R at 14.

### C. Actual Innocence

The actual innocence exception allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence – not previously presented at trial – would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). Actual innocence is restricted to factual innocence and does not encompass mere legal

5

insufficiency. *Souter* at 590 (citing *Bousley v. U.S.*, 523 U.S. 614, 623 (1998)). Application of the actual innocence exception should be "rare" and "only in the extraordinary case." *Schlup* at 321.

In the instant case, the Petitioner must show that new information provides him with a credible case of actual innocence regarding both the charges the Petitioner pleaded guilty to and the underlying charges of aggravated murder, attempted aggravated murder, conspiracy to commit aggravated murder, and aggravated burglary. *See Bousley v. U.S.*, 523 U.S. 614, 624 (1998).

The Magistrate Judge observed that the Petitioner must overcome a significantly higher burden of proof due to his guilty plea, citing the U.S. District Court for the Eastern District of Michigan in *Mitchell v. Jones*, which held that a guilty plea "negates [a petitioner's] claim that he is actually innocent." NO. 05-CV-73190-DT, 2006 U.S. Dist. LEXIS 5588, at *9 (E.D. Mich. 2006). However, the U.S. Supreme Court has held that a guilty plea can be motivated by many considerations aside from actual guilt or innocence of the crimes charged and is not a more "fool proof" manner of conviction than a jury trial. *Brady v. United States*, 397 U.S. 742, 758 (1970). "We take great precautions against unsound results, and we should continue to do so, whether conviction is by plea or by trial." *Id.* Therefore, no additional burden should be placed on the defendant in proving actual innocence in the context of a guilty plea.

To determine whether a jury is more likely than not to find Petitioner not guilty of both accomplice and principal liability on aggravated murder, aggravated attempted murder, and aggravated robbery charges, Petitioner must show new evidence not presented at trial. *Souter* at 590. In the instant case, because there was no actual trial, Hudach must use new evidence to rebut the transcript of his plea hearing.

6

Petitioner offers evidence that he was under duress and that he aborted his participation in the murder scheme at the first moment he felt he was no longer under direct threat of harm. Pet.'s Br., Doc. 16 at 16. The Magistrate Judge observed that Hudach makes a case for *legal* innocence, rather than the *actual* innocence required to invoke equitable tolling. R & R at 19. In *Dixon v. U.S.*, the Court held that "the duress defense… may excuse conduct that would otherwise be punishable, but the existence of duress normally does not controvert any of the elements of the offense itself." 126 S. Ct. 2437, 2441 (2006). Evidence the Petitioner provides does not dispute his actions both leading up to and during the crime as stated in the plea hearing. R & R at 19-20. Instead the Petitioner asserts that he should be held less culpable for his actions in planning and executing the scheme to murder Charles Serafino because he was acting under duress. R & R at 20. Because but for a valid defense of duress Hudach's actions would be punishable as charged, Petitioner makes an argument of legal, not actual, innocence.

Even if Hudach's propositions made a case for actual innocence, the Magistrate Judge correctly observed that the evidence presented would not be able to sufficiently establish it. *See* R & R at 20-21. The Petitioner's evidence asserts both defenses of duress and abandonment. Pet'r Br., Doc. 16 at 16-17. Neither theory is sustained by new evidence.

First, duress is not a defense to aggravated murder. *State v. Getsy*, 84 Ohio St. 3d 180, 198 (Ohio 1998). Second, to establish a prima facie defense of duress in the Sixth Circuit, a defendant must establish each of the following factors: (1) that the defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury; (2) that the defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to

7

choose the criminal conduct; (3) that the defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm; (4) that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm; (5) that the defendant did not maintain the illegal conduct any longer than absolutely necessary. *U.S. v. Johnson*, 416 F.3d 464, 468 (6th Cir. 2005) (citing *U.S. v. Riffe*, 28 F.3d 565, 569 (6th Cir. 1994)).

The Petitioner does not meet the requirements for a defense of duress in the Sixth Circuit. The state appellate court found the evidence presented lacked "any indication that Santine placed [Petitioner] in a sense of immediate, imminent death or serious bodily injury" as well as "any alleged pressure placed on appellant by Santine [which] constantly controlled his will during the entire commission of the crimes." *State v. Hudach*, No. 2003-T-0110, 2004 Ohio App. LEXIS 6445 (Ohio Ct. App. 2004). Consequently, because the Petitioner was not under duress during the entire commission of the crime, *Id.* at *64, and particularly because he was left alone outside, where he had an opportunity to telephone the police using a cell phone in his possession, *Id.* at *14, *17, he also had at least one reasonable, legal alternative to violating the law which could possibly have saved the life of Ms. Serafino or saved Mr. Serafino from injury. Additionally, upon being left alone, not under the direct and imminent threat of Santine, Hudach maintained the illegal conduct longer than absolutely necessary. Hudach had an obvious opportunity to walk away or call the authorities. Instead he chose to wait for his fellow accomplices, escape with them and help them dispose of evidence. Therefore, the Petitioner does not establish a prima facie defense of duress in accordance with Sixth Circuit precedent.

Finally, considering the defense of abandonment separately from duress, the state of Ohio recognizes an affirmative defense to accomplice liability where "prior to the commission of or attempt to commit the offense, the actor terminated his complicity, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose." Ohio Rev. Code Ann. § 2923.03(e). None of the new evidence provided by the Petitioner contradicts the facts established during the plea hearing that the Petitioner "participated in a murder-for-hire scheme, driving to the crime scene in camouflage, acting as a lookout, communicating details with the participants during and after the murder, and helping in the post-event cleanup." R & R at 20. Thus, there is no indication that Hudach ever completely renounced his criminal purpose, and he did not abandon his role as an accomplice.

Therefore, for the aforementioned reasons, the Petitioner is not entitled to equitable tolling on the basis of actual innocence.

**D. Cause for Delay**

To be eligible for equitable tolling on the basis of cause for delay, the U.S. Supreme Court has held that a litigant generally must establish two elements: "(1) that [he] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuiglelmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit employs a similar test, generally considering five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001) (citing *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

9

Applying either test to the facts of the instant case, the outcome is the same: Hudach is not eligible for equitable tolling on the basis of cause for delay.

Under the U.S. Supreme Court two-prong approach to equitable tolling for cause for delay, there is no indication either that the Petitioner was diligent in pursuing his rights or that an extraordinary circumstance stood in his way. A gap of nearly three years exists between the time Petitioner was denied his delayed appeal on September 20, 2000 and when he filed his motion to withdraw a guilty plea on April 22, 2003. R & R at 6-7. The statute of limitations expired on July 3, 2001.

Between 2000 and 2003 Hudach was represented by the same counsel, and as the Magistrate Judge observed, all the facts presented to prove his actual innocence were part of his 1998 motion for post-conviction relief. R & R at 22. However, the Petitioner presents a new affidavit from a witness, Joshua Koch. The Petitioner asserts that the gap exists because he was not aware of Koch's change in testimony until immediately prior to filing the 2004 motion. Pet'r Obj., Doc. 22 at 3. Even so, Koch's testimony is not remotely dispositive of Hudach's involvement in the crime. Both the trial court and state appellate court found that Koch's affidavit in no way extricates Hudach from the crime. *Hudach* at *51-53. Hudach is in no better a position to petition for a writ of habeas corpus on the basis of Koch's new affidavit than had he filed the motion prior to July 2001 without it. Additionally, no extraordinary circumstance exists to explain the gap in time between filings. Koch's testimony has no actual bearing on Hudach's guilt or innocence and no alternative explanation is provided for the time gap. Thus, the Petitioner does not meet the test for equitable tolling as articulated by the U.S. Supreme Court.

Applying the Sixth Circuit test to the instant case, the Petitioner is found for the same reasons to have acted without diligence in pursuing his claim for federal habeas relief. Additionally, the Petitioner does not claim that he was unaware of the law regarding the filing deadlines for habeas petitions. R & R at 22. Consequently, no adequate explanation exists for the gap between the denial of Hudach's direct appeal in 2000 and his motion to withdraw his guilty plea in 2003 and petition for writ of habeas corpus in 2004 that warrants equitable tolling under Sixth Circuit standards.

**IV. Conclusion**

For the aforementioned reasons, the Court adopts the Report and Recommendation of the Magistrate Judge (Doc. 20), granting Respondent's motion to dismiss (Doc. 9) and denying Hudach's petition for writ of habeas corpus.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE